UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

*WP4*

**07 CV 2260**

```
---------------------------------------------
ELAINE L. CHAO, Secretary of Labor,      :  Civil
United States Department of Labor        :  Action
                                         :  File No.
              Plaintiff,                 :
                                         :
         v.                              :
                                         :
CHESTNUT PETROLEUM DIST., INC., a Corporation, :
Chestnut Mart of Bloomingburg, Inc., a   :
Corporation, Chestnut Mart of Fishkill, Inc., :
a Corporation, Chestnut Mart of Gardiner, Inc., :  COMPLAINT
a Corporation, Chestnut Mart of Montgomery, :
Inc., a Corporation, Chestnut Mart of Newburgh, :
Inc., a Corporation, Chestnut Mart of Newton, :
Inc., a Corporation, Chestnut Mart of Norwalk, :
Inc., a Corporation, Chestnut Mart of Pleasant :
Valley, Inc., a Corporation, Chestnut Mart of :
Poughkeepsie, Inc., a Corporation,       :
Chestnut Service Center, Inc., a Corporation, :
Chestnut Starmart, Inc., a Corporation,  :
Fort Montgomery Service Center, Inc.,    :
a Corporation, Greenburgh Food Mart, Inc., :
a Corporation, Hyde Park Food Mart, Inc., :
Corporation, LaGrange Food Mart, Inc.,   :
a Corporation, Milan Food Mart, Inc., a  :
Corporation, Monroe Food Mart 123, Inc., a :
Corporation, Newburgh Food Mart, Inc., a :
Corporation, NJ MS, Inc., a Corporation, :
Northvale Food Mart, Inc., a Corporation, :
NY1MS, Inc., a Corporation, SuperPumper, Inc., :
a Corporation, Yorktown Food Mart, Inc., a :
Corporation, Salah "Sal" AlJamal, Individually :
and as President of all of the corporate :
Defendants, Khalil "Cal" ElJamal Individually :
and as Secretary of CHESTNUT PETROLEUM DIST., :
INC., Saleh "Sam" ElJamal Individually and as :
Treasurer of CHESTNUT PETROLEUM DIST., INC., :
Ahmad "Mickey" AlJamal, Individually and as :
an Employer,                             :
                                         :
              Defendants.                :
---------------------------------------------
```

Plaintiff, ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, brings this action under section 17 of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C.§201, et seq.), (the "Act") alleging that defendants violated sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act.

I

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act.

II

Defendant CHESTNUT PETROLEUM DIST., INC. is a corporation duly organized under the laws of the state of New York, is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores. Defendant CHESTNUT PETROLEUM DIST., INC. maintains a main office at 536 Main Street, New Paltz, New York.

III

Defendant Chestnut Mart of Bloomingburg, Inc. is a corporation duly organized under the laws of the state of New York, conducts business at 170 Sawmill River Road, Hawthorne, New York 10552 and 381 Knollwood Road, Greenburgh, NY 10533 and is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is

engaged in the operation of one or more retail gasoline and convenience stores.

IV

Defendant Chestnut Mart of Fishkill, Inc. is a corporation duly organized under the laws of the state of New York, is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

V

Defendant Chestnut Mart of Gardiner, Inc. is a corporation duly organized under the laws of the state of New York, is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

VI

Defendant Chestnut Mart of Montgomery, Inc. is a corporation duly organized under the laws of the state of New York, is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

VII

Defendant Chestnut Mart of Newburgh, Inc. is a corporation duly organized under the laws of the state of New York, is part of an enterprise conducting business at several locations within

the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

VIII

Defendant Chestnut Mart of Newton, Inc. is a corporation duly organized under the laws of the state of New Jersey, is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

IX

Defendant Chestnut Mart of Norwalk, Inc. is a corporation duly organized under the laws of the state of New York, is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

X

Defendant Chestnut Mart of Pleasant Valley, Inc. is a corporation duly organized under the laws of the state of New York, is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

XI

Defendant   Chestnut   Mart   of   Poughkeepsie,   Inc.   is   a corporation duly organized under the laws of the state of New York, is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

XII

Defendant Chestnut Service Center, Inc. is a corporation duly organized under the laws of the state of New York, is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

XIII

Defendant Chestnut Starmart, Inc. is a corporation duly organized under the laws of the state of New York, is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

XIV

Defendant   Fort   Montgomery   Service   Center,   Inc.   is   a corporation duly organized under the laws of the state of New York, is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is

engaged in the operation of one or more retail gasoline and convenience stores.

XV

Defendant Greenburgh Food Mart, Inc. is a corporation duly organized under the laws of the state of New York, is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

XVI

Defendant Hyde Park Food Mart, Inc. is a corporation duly organized under the laws of the state of New York, is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

XVII

Defendant LaGrange Food Mart, Inc. is a corporation duly organized under the laws of the state of New York, is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

XVIII

Defendant Milan Food Mart, Inc. is a corporation duly organized under the laws of the state of New York, is part of an enterprise conducting business at several locations within the

6

jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

### XIX

Defendant Monroe Food Mart 123, Inc. is a corporation duly organized under the laws of the state of Connecticut, is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

### XX

Defendant Newburgh Food Mart, Inc. is a corporation duly organized under the laws of the state of New York, is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

### XXI

Defendant NJ MS, Inc. is a corporation duly organized under the laws of the state of New Jersey, is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

### XXII

Defendant Northvale Food Mart, Inc. is a corporation duly organized under the laws of the state of New Jersey, is part of an enterprise conducting business at several locations within

the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

### XXIII

Defendant NY1MS, Inc. is a corporation duly organized under the laws of the state of New York, is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

### XXIV

Defendant SuperPumper, Inc. is a corporation duly organized under the laws of the state of Connecticut, is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

### XXV

Defendant Yorktown Food Mart, Inc. is a corporation duly organized under the laws of the state of New York, is part of an enterprise conducting business at several locations within the jurisdiction of this Court, where it is engaged in the operation of one or more retail gasoline and convenience stores.

### XXVI

The defendant corporation CHESTNUT PETROLEUM DIST., Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's

interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

XXVII

The defendant corporation Chestnut Mart of Bloomingburg, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

XXVIII

The defendant corporation Chestnut Mart of Fishkill, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

XXVIX

The defendant corporation Chestnut Mart of Gardiner, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

XXX

The defendant corporation Chestnut Mart of Montgomery, Inc. has regulated the employment of all persons employed by said

corporation, acted directly and indirectly in the corporation's interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

### XXXI

The defendant corporation Chestnut Mart of Newburgh, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

### XXXII

The defendant corporation Chestnut Mart of Newton, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

### XXXIII

The defendant corporation Chestnut Mart of Norwalk, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

### XXXIV

The defendant corporation Chestnut Mart of Pleasant Valley, Inc. has regulated the employment of all persons employed by

said corporation, acted directly and indirectly in the corporation's interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

### XXXV

The defendant corporation Chestnut Mart of Poughkeepsie, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

### XXXVI

The defendant corporation Chestnut Service Center, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

### XXXVII

The defendant corporation Chestnut Starmart, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

### XXXVIII

The defendant corporation Fort Montgomery Service Center, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

### XXXIX

The defendant corporation Greenburgh Food Mart, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

### XL

The defendant corporation Hyde Park Food Mart, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

### XLI

The defendant corporation LaGrange Food Mart, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's

interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

### XLII

The defendant corporation Milan Food Mart, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

### XLIII

The defendant corporation Monroe Food Mart 123, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

### XLIV

The defendant corporation Newburgh Food Mart, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

### XLV

The defendant corporation NJ MS, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's interest in

relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

### XLVI

The defendant corporation Northvale Food Mart, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

### XLVII

The defendant corporation NY1MS, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

### XLVIII

The defendant corporation SuperPumper, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

### XLVIX

The defendant corporation Yorktown Food Mart, Inc. has regulated the employment of all persons employed by said corporation, acted directly and indirectly in the corporation's

interest in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

L

Defendant Salah "Sal" AlJamal conducting business at several locations within the jurisdiction of this Court, is president of all of the corporate defendants, in active control and management of the defendant corporation, regulated the employment of all persons employed by the defendant corporations, acted directly and indirectly in the interest of defendant corporation in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

LI

Defendant Khalil "Cal" ElJamal conducting business at several locations within the jurisdiction of this Court, is Secretary of defendant CHESTNUT PETROLEUM DIST., in active control and management of the defendant corporations, regulated the employment of all persons employed by the defendant corporations, acted directly and indirectly in the interest of defendant corporations in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

LII

Defendant Saleh "Sam" ElJamal, conducting business at several locations within the jurisdiction of this Court, is Treasurer of defendant CHESTNUT PETROLEUM DIST., INC., in active control and management of the defendant corporations, regulated the employment of all persons employed by the defendant corporations, acted directly and indirectly in the interest of defendant corporations in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

LIII

Defendant Ahmad "Mickey" AlJamal conducting business at several locations within the jurisdiction of this Court, is in active control and management of the defendant corporations, regulated the employment of all persons employed by the defendant corporations, acted directly and indirectly in the interest of defendant corporations in relation to said employees, and was thus an employer of said employees within the meaning of section 3(d) of the Act.

LIV

The business activities of the defendants, as described herein, are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act.

LV

At all times hereinafter mentioned, defendants have employed employees in and about their place of business in the activities of said enterprise engaged in commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the said employees are employed in an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A)(ii) of the Act.

LVI

Defendants, in many workweeks, willfully and repeatedly have violated the provisions of sections 6 and 15(a)(2) of the Act by paying many of their employees employed in an enterprise engaged in commerce, wages at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act, and therefore, defendants are liable for unpaid minimum wage compensation owing to their employees under section 6 of the Act.

LVII

Defendants, in many workweeks, willfully and repeatedly have violated the provisions of sections 7 and 15(a)(2) of the Act by employing many of their employees employed in an

enterprise engaged in commerce, for workweeks longer than those prescribed in section 7 of the Act, without compensating said employees for their employment in excess of the prescribed hours in said workweeks at rates not less than one and one-half times the regular rates at which they were and are employed, and therefore defendants are liable for unpaid overtime compensation.

LVIII

Defendants, in many workweeks, willfully and repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintain as prescribed by the Regulations issued and found at 29 CFR Part 516; more specifically, the records kept by the defendants failed to show adequately and accurately, among other things, the hours worked each workday, the total hours worked each workweek, rates of pay, home addresses and a record of deductions, with respect to many of their employees.

LIX

In the course of an investigation by the Wage and Hour Division, U.S. Department of Labor, during the period March 29, 2005 through January 1, 2006, defendants violated Section 15(a)(3) of the Act by discharging Joseph Saad from his

employment as supervisor because he filed a complaint, or instituted, or caused to be instituted any proceeding under or related to this Act, or has testified, or was about to testify in any such proceeding.

### LX

In the course of an investigation by the Wage and Hour Division, U.S. Department of Labor, during the period March 29, 2005 through January 1, 2006, defendants violated Section 15(a)(3) of the Act by discharging Hazeem Alraie from his employment as bookkeeper because he filed a complaint, or instituted, or caused to be instituted any proceeding under or related to this Act, or has testified, or was about to testify in any such proceeding.

### LXI

Defendants, since on or about April 20, 2003, have willfully and repeatedly violated the provisions of the Act as alleged above.

WHEREFORE, cause having been shown, plaintiff prays for judgment against defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently restraining defendants, their officers, agents, servants, employees, and those persons in active concert or

participation with defendants, from violating the provisions of sections 6, 7, 11(c), 15 (a)(2) and 15 (a)(5) of the Act; and

(2) For an injunction issued pursuant to section 17 of the Act restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. §6621; and

(3) For an Order awarding plaintiff the costs of this action; and

(4)   For an Order granting such other and further relief as may be necessary and appropriate.

DATED:      March 15 , 2007
            New York, New York


                                    JONATHAN L. SNARE
                                    Acting Solicitor of Labor


                                    PATRICIA M. RODENHAUSEN
                                    Regional Solicitor


                                    HAROLD W. LEMAR
                                    (HL 5198)
                                    Attorney



                                    U.S. Department of Labor
                                    Attorneys for Plaintiff.


POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. 212-337-2095